UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JEAN DUPONT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00593-JAW |
| | ) | |
| HAMILTON MESERVE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER CONVERTING TEMPORARY RESTRAINING ORDER TO PRELIMINARY INJUNCTION**

The court converts a temporary restraining order, enjoining the respondents from removing the petitioner from the District of Maine, into a preliminary injunction, such that the respondents are enjoined from removing the petitioner from the District of Maine pending further order of this court.

**I.   BACKGROUND**

On November 24, 2025, Jean Dupont[1] filed a verified petition for writ of habeas corpus and an emergency motion seeking a temporary restraining order (TRO) against his removal from the District of Maine. *Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* (ECF No. 1) (*Pet.*); *Emer. Mot. for Temp. Restraining Order to Stop Transfer Without Prior Consent* (ECF No. 4) (*Emer. Mot.*). The next day, November 25, 2025, following a teleconference of counsel, *Min Entry* (ECF No. 7), the Court issued a temporary restraining order (TRO), enjoining Respondents from removing Mr. Dupont from the District of Maine pending his habeas

---

[1]   Pursuant to District of Maine Local Rule 10(d), Petitioner proceeds under the pseudonym Jean Dupont. *Notice of Petr.'s Actual Name under Local Rule 10(d)(1)* (ECF No. 3).

proceedings, *Order on Mot. for TRO* (ECF No. 8), and ordered Respondents to show cause why Mr. Dupont's petition should not be granted. *O.S.C.* (ECF No. 9). On December 4, 2025, Respondents filed their response, opposing Mr. Dupont's petition. *Return and Resp. to O.S.C. in Opp'n to Pet. for Writ of Habeas Corpus* (ECF No. 12). On December 8, 2025, Mr. Dupont filed his reply. *Pet'r's Traverse to Resp'ts' Return and Resp. in Supp. of Pet. for Writ of Habeas Corpus* (ECF No. 15).

On December 8, 2025, the Court held a teleconference of counsel. *Min. Entry* (ECF No. 17). The parties agreed there are no factual disputes for the Court to resolve in this matter and stipulated to the facts in Mr. Dupont's verified petition and its accompanying attachments, Respondent's response, and Mr. Dupont's reply and attachment. The parties also agreed to forgo an evidentiary hearing but requested oral argument, scheduled for December 23, 2025. *Notice of Hr'g* (ECF No. 18). Finally, the parties consented to converting the TRO to a preliminary injunction pending further order of this Court.

## II.    DISCUSSION

In its discretion, the Court may convert a TRO into a preliminary injunction. *See, e.g.*, *Sanford Sch. Dep't v. Doe*, No. 2:24-cv-00436-LEW, 2025 U.S. Dist. LEXIS 221127 (D. Me. Feb. 7, 2025); *Malam v. Adducci*, 455 F. Supp. 3d 384 (D. Mich. 2020); *Hawai'i v. Trump*, 245 F. Supp. 3d 1227 (D. Haw. 2017), *vacated on other grounds*, 583 U.S. 941 (2017); *ABX Air, Inc. v. Int'l Bhd. of Teamsters, Airline Div.*, No. 1:16-cv-1096, 2016 U.S. Dist. LEXIS 169221 (S.D. Ohio Dec. 7, 2016). Because the parties consented to converting the TRO, and because the standard for issuing a TRO is

identical to the standard for issuing a preliminary injunction and nothing has occurred to alter the analysis in the Court's order granting the TRO, the Court will enter a preliminary injunction, enjoining Respondents from removing Mr. Dupont outside the District of Maine pending further order of this Court.

The parties have submitted well researched memoranda taking different positions on critical issues of law. To do justice to their arguments in a rapidly evolving area of law, the Court requires additional time to research and resolve their countervailing positions. The Court therefore converts the TRO to a preliminary injunction to maintain the status quo while the Court takes additional time to consider the merits of the underlying habeas corpus petition and to accommodate and reflect developments in the status of Mr. Dupont's underlying immigration and state court proceedings.

### III.  CONCLUSION

Accordingly, the Court ORDERS that the November 25, 2025 Order on Motion for Temporary Restraining Order (ECF No. 8) is CONVERTED to a Preliminary Injunction and that it shall be in effect until further order from this Court.

SO ORDERED.

/John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 9th day of December, 2025